**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GERARDO DAVID TORRES VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2014-D |

**ORDER**

Petitioner Gerardo David Torres Vasquez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a Guatemalan national who entered the United States on or around June 13, 2018. *Id* at. p. 4. On June 17, 2018, U.S. Immigration and Customs Enforcement ("ICE") placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear. [Doc. No. 1]. On June 19, 2018, Petitioner was released from detention on an Order of Release on Recognizance. *Id*. Then, on July 23, 2026, Petitioner was re-detained by ICE while at an immigration appointment. *Id*. Petitioner is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id*.

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but concede the Tenth Circuit's opinion in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. [Doc. No. 8]. Petitioner asserts several grounds for relief and requests the Court 1) "review the legality of [his] present immigration detention," 2) "determine whether [his] continued detention complied with the Due Process

Clause of the Fifth Amendment and all applicable federal statutes governing immigration detention," and 3) "grant such habeas corpus relief as the Court determines is authorized and appropriate under the facts and applicable law." [Doc. No. 1 p. 9]. Respondents filed a response in opposition [Doc. No. 8], to which Petitioner filed a reply [Doc. No. 10].

The matter was referred to United States Magistrate Judge Chris Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. Judge Stephens issued a Report and Recommendation ("Report"), recommending the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 11]. Judge Stephens also recommended the Court decline to address the issue of whether ICE violated Petitioner's right to due process. *Id.*

Respondents filed a timely Objection to the Report, asserting Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing. [Doc. No. 12]. However, Respondents concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls Petitioner's claims. *Id.*

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Stephens' determination that Petitioner is detained pursuant to 8 U.S.C.§ 1226, not § 1225(b)(2)(A). Moreover, the Court agrees with Judge Stephens' conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the

district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Additionally, the Court agrees with Judge Stephens' recommendation to decline to address Petitioner's remaining claims at this time.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 11] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 3rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.